UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>CONNIE GIPSON,<br><br>　　　　　Respondent. | Case No. CV 12-9818-JAK (DTB)<br><br>ORDER TO SHOW CAUSE |

　　On November 16, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. Attached to the Petition are copies petitioner's habeas corpus petitions to the California Supreme Court in Case Nos. S203723, S204299, S205251 and S205575. The Petition purports to be directed to a judgment of conviction sustained by petitioner in Los Angeles County Superior Court on July 21, 2004. (Pet. at 2.) Petitioner purports to be raising five grounds for relief. (See Pet. at 5-6.)

　　Based on its review of the Petition as well as information derived from the California Appellate Courts website[1], it appears to the Court that the Petition is time barred. Accordingly, on or before **December 27, 2012**, petitioner is ORDERED to

---

[1] http://appellatecases.courtinfo.ca.gov/index.html

show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness[2] as well as for his failure to exhaust his available state remedies.

## **THE TIME BAR ISSUE**

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3]  28 U.S.C. § 2244(d) provides:

> "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>    (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an

---

[2]   The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[3]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

|   |   |
|---|---|
| 1 | application created by State action in violation of the Constitution |
| 2 | or laws of the United States is removed, if the applicant was |
| 3 | prevented from filing by such State action; |
| 4 | (C) the date on which the constitutional right asserted |
| 5 | was initially recognized by the Supreme Court, if the right has |
| 6 | been newly recognized by the Supreme Court and made |
| 7 | retroactively applicable to cases on collateral review; or |
| 8 | (D) the date on which the factual predicate of the claim |
| 9 | or claims presented could have been discovered through the |
| 10 | exercise of due diligence." |

Here, it appears from the face of the Petition that petitioner failed to petition the California Supreme Court for review of the Court of Appeal decision on direct appeal. (See Pet. at ¶ 4.) Under the relevant California Rules of Court, his time for doing so lapsed 40 days after the October 6, 2005 filing of the Court of Appeal decision. See Cal. R. Ct. 8.264(b)(1) [formerly 24(b)(1)] and 8.500(e)(1) [formerly 28(e)(1)]. Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on November 15, 2005.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). The Court notes in this regard that petitioner did not have a constitutional right to counsel for purposes of filing a Petition for Review in the California Supreme Court or a state habeas petition. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) (holding that the right to counsel extends "to the first appeal of right, and no further"). Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appears to be based on a federal constitutional right that

was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears that petitioner was aware of the **factual** predicate of each of his claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was November 15, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No basis for statutory tolling under § 2244(d)(2) appears to exist here. The only collateral challenges reflected in the Petition are habeas petitions that petitioner filed in the California Supreme Court after expiration of the statute of limitations. Petitioner would not be entitled to any statutory tolling for any of those state habeas petitions since according to the California Appellate Court website, the first of them was not filed until October 26, 2011, which was more than five years after petitioner's federal filing deadline already had lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001).

The Supreme Court recently held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, - U.S. -, 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace

v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Holland, 130 S. Ct. at 2562. Here, petitioner has not purported to make any such showing in the Petition.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **December 27, 2012**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED: November 27, 2012

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE